Case 2:15-cv-00302 Document 28 Filed in TXSD on 11/03/15 Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
November 03, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ELIZABETH M. LEAL, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-302 |
| § | |
| CORPUS CHRISTI-NUECES COUNTY § | |
| PUBLIC HEALTH DISTRICT, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Plaintiff Elizabeth M. Leal (Leal) filed suit against her former supervisor, Annette Rodriguez (Rodriguez) and her employer, Nueces County Public Health District (Health District), alleging causes of action for retaliation for exercising First Amendment rights under 42 U.S.C. § 1983, defamation, and defamation per se. Before the Court are Rodriguez and the Health District's Motions to Dismiss (D.E. 17, 18), filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and arguing that Leal has failed to state a claim upon which relief can be granted because the facts are insufficient, the Health District is entitled to governmental immunity, Rodriguez is entitled to official immunity, and Leal has elected her remedies against the Health District and not Rodriguez.

As a preliminary matter, the Court DENIES Defendants' Objection to and Motion to Strike Plaintiff's Second Supplemental Response to Defendants' Motions to Dismiss (D.E. 26). For the reasons set out below, the Court GRANTS both motions to dismiss (D.E. 17, 18).

## JURISDICTION

Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction to determine the retaliation claim, as it is based upon a federal statute, 42 U.S.C. § 1983. The Court has jurisdiction over the state law defamation claims pursuant to supplemental jurisdiction, 28 U.S.C. § 1367(a).

## FACTS

According to her First Amended Complaint (D.E. 14), Leal was employed as the Administrative Research Director for the Health District at the time of the events at issue, with Rodriguez being her supervisor. Leal's duties included administrative oversight of programs designed to address childhood obesity and diabetes. Included in her responsibilities was coordination of all 1115 Waiver grant protocol/research activities in accordance with federal, state, local, regional, and institutional requirements and objectives.

In May or June of 2014, in connection with an audit of the 1115 Waiver programs, Leal was questioned by Corpus Christi Police Department (CCPD) Officer Ruben Vela, Jr. In the course of that interview, Leal was critical of Rodriguez, reporting in good faith that she believed that Rodriguez was misusing taxpayer funds and/or grant funds and was not working all hours for which she was paid, contrary to Health District policy. The CCPD report, without identifying those who articulated complaints, summarized that the majority of supervisors and managers had overall negative perceptions about the Health District administration (Rodriguez), including fear of retaliation for disagreeing with the administration.

As a result, Rodriguez approached Leal on several occasions, stating that she knew that Leal was involved in making negative remarks in the investigation and demanding an apology. Rodriguez became hyper-critical of Leal and her employees, unfairly scrutinized Leal's time and attendance, questioned purchases that Rodriguez had already approved, undermined Leal's decisions, and unfairly criticized Leal's performance and that of her employees. On August 11, 2014, Leal reported this bullying, hostile work environment to the Human Resources department in person and in writing, only to have the hostile conduct worsen. On September 23, 2014, Leal could no longer tolerate the constant harassment and resigned, describing it as an involuntary act—a constructive discharge.

On November 17 and December 23, 2014, and again on January 21, 2015, Rodriguez publicly accused Leal of destroying, deleting, removing, or shredding government records from her computers before her resignation and ignoring official communications from state officials regarding the programs she administered such that she should be criminally prosecuted. These statements of fact, which Leal contends are false, were made to city officials, local media, and county commissioners, among others. In this case, Leal complains that the Health District, through its top level, final policymaker, Rodriguez, retaliated against her for her exercise of First Amendment free speech and defamed her in her occupation. Rodriguez and the Health District seek dismissal under Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "Pleadings must be construed so as to do justice." Rule 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id*., 550 U.S. at 557. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is

the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 556 U.S. at 681.

A motion to dismiss for failure to state a claim upon which relief can be granted can be based not only on a plaintiff's claims but on matters that support an affirmative defense, such as limitations or immunity. Even if some allegations support a claim, if other allegations negate the claim on its face, then the pleading does not survive the 12(b)(6) review.

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Jones v. Bock*, 549 U.S. 199, 215 (2007).

## DISCUSSION

### I. The Health District's Motion

#### A. Retaliation Under § 1983

The Health District contends that Leal has not stated a cause of action for retaliation under § 1983 because: (1) she fails to identify a custom, practice, or policy of the Health District that deprived her of any constitutional right; (2) her allegation that Rodriguez is the final policymaker for the Health District is conclusory; (3) her speech was not a protected activity but was an employee complaint, not made as an interested

citizen; and (4) the facts are insufficient to demonstrate that she suffered an adverse action.

**Policy and Policymaker as Elements of the Claim**.  As a preliminary matter, Leal insists that pleading and proving a policy and a final policymaker are not requirements of her cause of action against the Health District.  Instead, she relies on cases describing only the substantive elements of a claim for retaliation.  *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 184 (5th Cir. 2005); *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 341 (5th Cir. 2003).  Those cases list four elements of the claim, none of which involve policies or policymakers.[1]  The problem with Leal's analysis is that it assumes, contrary to the law, that the Health District will be liable for its employee's actions.  That is not the case with respect to civil rights claims under § 1983.

A public health district is a "local government entity."  *See generally*, Tex. Loc. Gov't Code Ann. § 271.151.  Such a local government entity cannot be held liable under § 1983 on a respondeat superior theory.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 692 (1978).  Instead, the test is whether "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Id*. at 690.  The Supreme Court continued, saying:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said

---

[1]  *Foley* cites *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 225 (5th Cir. 1999), for its recitation of the four elements.  That case separately required a showing of the school district's policy as a prerequisite to liability.

>to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id*. at 694. "The 'official policy' requirement was intended to distinguish acts of the ***municipality*** from acts of ***employees*** of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (plurality opinion) (emphasis in original).

Thus Leal may not maintain her claim against the Health District without showing that the actions of which she complains are part of a policy issued by the final policymaker for the Health District. At the Rule 12(b)(6) stage, that means Leal must allege sufficient facts (without being conclusory) to show that it is plausible that, when put to her proof, she will be able to show that the retaliation she experienced was due to a Health District policy issued by Rodriguez (or some other person or body) pursuant to final policymaking authority for the Health District.

**Policy**. Leal has not identified any such policy or custom, made official, that implicates the liability of the Health District. She has not identified a specific policy alleged to be the source of the retaliation she experienced, but rather vehemently denies the requirement.

As an alternative, Leal may show a custom or course of conduct that is so widespread and permanent as to represent an intentional or knowing act by the Health District to deprive a person of constitutional rights. *Monell*, 436 U.S. at 691. Leal did allege that several employees had objections to Rodriguez's leadership style as intimidating. While it is possible to characterize the intimidation as widespread, to raise

this from a generally bad work environment to a constitutionally infirm custom of the Health District, Leal has to be able to show that the Health District implemented that course of conduct in a way that was likely to, and did generally, interfere with employees' constitutional rights. Leal has not alleged that other employees have made similar complaints against Rodriguez or any other supervisor as an exercise of free speech in the public interest, only to be met with harassment sufficient to drive them out of their jobs or that this practice is repeated so often as to be a permanent way of doing business. Leal has not adequately alleged a policy, custom, or practice that interferes with employees' civil rights. Again, she only denies the requirement that she do so.

**Policymaker**. Nothing in Leal's pleading suggests that any policy, custom, or practice has been issued from any authority higher than Rodriguez. Instead, she claims that Rodriguez is the final policymaker for the Health District. This is a conclusory statement that is not entitled to the presumption of truth under *Twombly* and *Iqbal*. Whether a particular official has final policymaking authority is a question of state law regarding the authority for that area of the local government's business. *Pembauer,* 475 U.S. at 482-83 (plurality opinion). Simply being a supervisor of employees with final authority to hire and fire is not enough. *Id*. at 483 n.12. *See also, City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). Leal has failed to demonstrate that her complaints are the result of a Health District policy, custom, or practice or issued from a final policymaker for the Health District.

**Amending the Pleading**. While Leal has asked for leave to amend should the Court find her pleading insufficient, she has failed to demonstrate what amendment she

would make or how it would overcome these obstacles. A court need not grant a motion for leave to amend where the movant fails to specify what amendment is desired and how it would cure its pleading defects. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). When seeking to amend, the movant must set forth "with particularity the grounds for the amendment and the relief sought." *Id*. A "bare request in an opposition in a motion to dismiss" absent any particular grounds is inadequate. *Id*.

**Conclusion**. For these reasons, the Court holds that Leal has failed to state a claim upon which relief can be granted against the Health District for retaliation under § 1983. The Court need not, and does not, reach the remaining defenses to liability briefed by the Health District. The Court further denies Leal's request for leave to amend on this theory. The Health District has demonstrated that it is entitled to the dismissal of all of Leal's § 1983 claims against it.

### B. Defamation

The Health District argues that Leal is not entitled to recover under her state law defamation theories because: (1) the Health District is protected from suit by governmental immunity and has not waived that immunity or consented to suit through the Texas Tort Claims Act (TTCA); and (2) the allegations are insufficient to show malice. Leal has failed to plead or brief any reason that the Health District is not entitled to governmental immunity on the defamation claim.

The formation of the Health District was authorized by the legislature through the delegation of power to cities and counties, working jointly. Texas Health & Safety Code

§ 121.041. Unless specifically waived by the legislature, sovereign immunity protects the State of Texas, its agencies, and its officials from lawsuits for damages. *E.g.*, *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853-54 (Tex. 2002). While the Health District may sue and be sued, that authorization is not equivalent to a waiver of governmental immunity. Tex. Health & Safety Code § 121.043; *Tooke v. City of Mexia*, 197 S.W.3d 325, 346 (Tex. 2008).

The TTCA embodies the extent of the waiver of immunity for tort claims in Texas. TTCA § 101.025. It does not waive immunity for intentional torts and such claims do not fall within the waiver of immunity for municipalities. *See generally*, TTCA §§ 101.0215 (addressing waiver of immunity for liability arising out of certain municipal functions, none of which apply here), 101.057(b) (excepting intentional torts from any TTCA waiver of immunity). Defamation is an intentional tort. *Collins v. Ison-Newsome*, 73 S.W.3d 178, 182 (Tex. 2001).

Thus it is clear that the Health District is entitled to immunity from Leal's claims for defamation and defamation per se. The Court need not, and does not, reach the alternative claim that the pleading is insufficient with respect to the element of malice. The Court holds that the Health District is entitled to judgment dismissing Leal's defamation claims against it.

II. **Rodriguez's Motion**

Leal claims only defamation and defamation per se against Rodriguez. D.E. 14. Those allegations are stated without specifying whether Rodriguez has been sued in her official or individual capacity. However, the complaint states that the defamatory

statements Rodriguez is accused of making were made in the course and scope of Rodriguez's employment and Leal seeks to hold the Health District liable for Rodriguez's acts.  D.E. 14, p. 8 (¶ 22).

Under the TTCA election of remedies provision, such claims are subject to immediate dismissal if Leal also sued the governmental employer and the employer has moved to dismiss the employee, as is the case here.  D.E. 18; TTCA § 101.106(e). Consequently, Leal has made an irrevocable election of remedies against the Health District and the claims against Rodriguez are subject to immediate dismissal.

At the hearing on this motion on October 9, 2015, Leal requested to amend her pleading to delete the representation that Rodriguez's defamation of Leal occurred in the course and scope of her employment with the Health District.  The Court notes that the "course and scope" allegation appeared in her original complaint (D.E. 1, p. 8 (¶ 26)) and was a subject of Rodriguez's first motion to dismiss (D.E. 6, p. 2 (¶¶ 5, 14-15)).  Despite responding to that motion to dismiss with the argument that defamatory acts are, by definition, not done in the scope of a person's employment (D.E. 7, p. 6 (¶ 15)), Leal repeated the "course and scope" allegation in her amended complaint (D.E. 14, p. 8 (¶ 22)).  Leal has persisted in her allegation of "course and scope" despite being on notice of Rodriguez's specific challenge.  Regardless, the Court finds that any amendments would be futile because the defamation is alleged with respect to employment issues. Thus, the removal of the language "course and scope," alone, would not defeat Rodriguez's argument that the allegations are work related.  *See generally*, *Lenoir v. Marino*, No. 01-13-01034-CV, 2015 WL 4043248, *9 (Tex. App.—Houston [1st Dist.]

July 2, 2015) (employer's right to control determines the necessary employment relationship); *Anderson v. Bessman*, 365 S.W.3d 119, 125 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (conduct based on personal animosity or for personal gain does not take conduct outside the course and scope of employment so long as it falls within the employee's assigned duties or is within the business purposes of the employer, collecting cases). Leal has failed to articulate any facts that she would include in an amendment that would support a finding that Rodriguez's acts were outside of her assigned duties or were not in furtherance of the Health District's business.

Additionally, the allegations of an intentional tort do not take the defamation claim outside the provisions of the TTCA in regard to the election of remedies issue. *Franka v. Velasquez*, 332 S.W.3d 367, 379 (Tex. 2011) (holding that the TTCA election of remedies provision applies regardless of whether a claim can be brought against the employer because of the non-waiver provision related to intentional torts). The Court thus finds that Leal has not demonstrated appropriate grounds for amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be freely given unless other issues counsel against it, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment).

Leal has also complained that Rodriguez waived her grounds for a motion to dismiss by originally filing her answer before her motion. D.E. 23. The answer (D.E. 5) and the motion (D.E. 6) were filed on the same date, two minutes apart. "No defense or

objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12(b).  The issue is further moot because of Leal's filing of her amended complaint (D.E. 14).  The filing of an amended complaint restarts the deadlines for filing a motion to dismiss.  Fed. R. Civ. P. 12(a), (b), 15(a)(3).  Rodriguez did not file any responsive pleading between Leal's amended complaint and Rodriguez's motion to dismiss.  The grounds for dismissal have not been waived.

The Court need not, and does not, reach the issues of official immunity or the insufficiency of the pleadings with respect to malice.

## CONCLUSION

For the reasons set out above, the Court DENIES Defendants' motion to strike (D.E. 26), GRANTS Rodriguez's motion to dismiss (D.E. 17), and GRANTS the Health District's motion to dismiss (D.E. 18).  The Court DISMISSES all of Leal's claims alleged against the Health District and Rodriguez.  This action is DISMISSED WITH PREJUDICE.

ORDERED this 3rd day of November, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE